CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED

5/12/2026

LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| ANN BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:25-cv-00132 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| BRIAN BAILEY, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) |        United States District Judge |
| Defendant. | ) | |

On November 26, 2025, *pro se* Petitioner Brian Bailey filed a notice of removal under 28 U.S.C. § 1443(1). (Pet'r's Not. [ECF No. 1].) He sought removal of multiple child-custody, support, visitation, and contempt proceedings in the Juvenile & Domestic Relations Court ("J&DR Court") and Circuit Court of Rockingham County, Virginia, alleging that he was subjected to unjust treatment during those proceedings. (*Id.* ¶¶ 5, 11–23.) On January 23, 2026, the court remanded the case back to the J&DR Court, finding that it lacked subject-matter jurisdiction under the *Rooker-Feldman* doctrine. (*See* Mem. Op., Jan. 23, 2026 ("Remand Order") [ECF No. 8].) This matter is now before the court on Bailey's motion for reconsideration of that decision. (Pet'r's Mot. [ECF No. 11].) For the following reasons, the court will deny the motion.

## I.    STANDARD OF REVIEW

Motions for reconsideration are not directly contemplated by the Federal Rules of Civil Procedure, but courts look to several rules for guidance. First, Rule 54(b) states: "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or

parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Courts are also guided by Rules 59 and 60(b). *Eramo v. Rolling Stone LLC*, No. 3:15-CV-00023, 2016 WL 5942328, at *1 (W.D. Va. Oct. 11, 2016) (citation omitted). "Thus, the court has discretion to depart from a previous ruling '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice.'" *Id.* (alteration in original) (quoting *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012)).

## II.    DISCUSSION

Bailey contends that the court misapplied the *Rooker-Felman* doctrine, and he seeks to clarify that his "claims were not confined to appellate review of state-court judgments." (Pet'r's Mot. at 2.) But Bailey's argument misses the mark. In his notice of removal, Bailey sought to remove "all such custody, visitation, contempt, and related enforcement proceedings . . . presently pending in the Rockingham County [J&DR] Court," alleging various deficiencies of the J&DR court's decision-making process. (Pet'r's Not. at 1–2, 7.) In so doing, Bailey necessarily asked this court to review the merits of the state-court decision (and the Circuit Court appeal), as well as the decisions' impacts on the subsequent contempt proceedings—a request that is barred by the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Reichert v. Hornbeck*, No. 1:24-cv-01865-JMC, 2025 WL 487337, at *8 (D. Md. Feb. 13, 2025) (determining that a federal court lacks jurisdiction if a party's "success necessarily depends on a 'determination that the state court wrongly decided the issues before it'" (citation omitted)). At bottom, Bailey has not alleged a clear error of law,

- 2 -

intervening changes in the controlling law, or new evidence that may warrant a different outcome. *See Eramo*, 2016 WL 5942328, at *1; *Stinnie v. Holcomb*, No. 3:16-cv-00044, 2017 WL 11615521, at *1–2 (W.D. Va. May 22, 2017).

To be sure, Bailey alleged in his notice of removal that the state-court proceedings were "infected" with race-based discrimination and racial stereotyping. (Pet'r's Not. ¶¶ 14–23.) He now argues that the court "overlooked independent federal claims alleging constitutional injury arising from extra-judicial conduct and procedural irregularities." (Pet'r's Mot. at 4 (arguing that his notice "sought adjudication of whether constitutional guarantees were violated through reliance on dismissed accusations and stigmatizing conduct").) Just days after filing his notice of removal, Bailey filed a separate action under 42 U.S.C. § 1983, alleging constitutional violations, including racial discrimination, arising from the same state-court proceedings. (*See* Compl. [Case No. 5:25-cv-00141, ECF No. 1].) The court hardly overlooked these claims; rather, it considered—and dismissed—them in a separate, but related, proceeding. *See Bailey v. Ritchie*, No. 5:25-cv-00141, 2026 WL 210416 (W.D. Va. Jan. 27, 2026).

Finally, Bailey asks the court to alternatively "clarify the scope of" its Remand Order and hold that the ruling was "jurisdictional only"; that is, that the ruling "did not adjudicate the merits of [Bailey's] constitutional claims."[1] (Pet'r's Mot. at 5.) The court declines to do so, as its prior decision on Bailey's § 1983 claims speaks for itself.

### III.  CONCLUSION

For the foregoing reasons, Bailey's motion for reconsideration will be denied.

---

[1] Bailey also makes this request so that the Remand Order will "not preclude future federal review of independent federal claims that are not predicated on invalidating state-court judgments." (Pet'r's Mot. at 5.)

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

**ENTERED** this 12th day of May, 2026.

*/s/Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE